UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON ALLEN OLRICH,

         Plaintiff,

                                  Case No. 18-cv-1518-pp

   v.

MITCHELL ILLICHMANN, *et al.*,

         Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR TIME TO FILE AMENDED COMPLAINT MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT (DKT. NO. 18), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PLAINTIFF REQUEST LEAVE OF THE COURT TO FILE AMENDED COMPLAINT (DKT. NO. 19), SCREENING SECOND AMENDED COMPLAINT (DKT. NO. 19-1) AND DISMISSING FOR FAILURE TO STATE A CLAIM**

---

On September 9, 2019, the plaintiff filed an amended complaint against eleven defendants, asserting that there was false and incorrect information in his records and that the defendants had not done anything to rectify the situation. Dkt. No. 16. The court screened the amended complaint and concluded that it failed to state a claim. Dkt. No. 17. The court noted that the defendant had listed eleven defendants but had made specific allegations against only two of them. Id. at 7. It stated that it could not tell whether those two defendants made the alleged false or inaccurate statements. Id. It advised the plaintiff that his claim that information about another patient ended up in his notes amounted to nothing more than negligence. Id. at 7-8. It questioned how the defendants' alleged failure to correct the false information harmed the

1

plaintiff. Id. at 8. It also advised the plaintiff that Mendota Mental Health Institute could not be sued for civil rights violations. Id. While the court considered dismissing the case and issuing a strike against the plaintiff, it decided (based on its review of the original complaint) to give him one, last chance to file a complaint that stated a claim. Id. at 9. The court explained in detail what the plaintiff needed to do to file the amended complaint. Id. at 9-10. The court gave the plaintiff a deadline of April 10, 2020 by which to file the second amended complaint, and told the plaintiff that if it did not receive the second amended complaint by the end of the day on that date, it would dismiss the case for failure to state a claim and issue him a strike. Id. at 17.

On April 10, 2020—the deadline the court had set for the plaintiff to file the second amended complaint—the court received two documents from the plaintiff. The first was titled "Motion for Time to File Amended Complaint Motion for Extension of Time to File an Amended Complaint," and the plaintiff had dated it April 8, 2020. Dkt. No. 18. The plaintiff asked the court to let him file his amended complaint "and motions for this case" and to "allow an extension of time." Id. The plaintiff reminded the court that he was representing himself and said that he needed to "figure out what to do, consult with a jailhouse lawyer who is not a real lawyer, he has a mental illness, and is physically disabled." Id. He stated that these were all good reasons to extend the time from April 10, 2020 "to the day this, the amended complaint, certificate of service, motion to leave court to file amended complaint and

2

motion for extension of time to file an amended complaint is received in the mail." <u>Id.</u>

The second document was titled "Motion for Leave to File an Amended Complaint Plaintiff Request Leave of the Court to File an Amended Complaint." Dkt. No. 19. The plaintiff also dated this document April 8, 2020; in it, he asked leave of the court "to file an amended complaint to fix the previous one for failure to state a claim and fix the complaint, by adding new and proper claims to this action and John Doe defendants, and to fix original complaint which failed to state a claim." <u>Id.</u> The plaintiff cited Federal Rule of Civil Procedure 15 and case law indicating that a plaintiff must seek leave of the court to file an amended complaint. <u>Id.</u> The plaintiff attached to this motion the amended complaint he had filed back in September 2019. Dkt. No. 19-1. The only difference in the September 2019 amended complaint and the April 8, 2020 amended complaint was that on the last page, someone had scratched out the date in the signature block and written in the date of April 8, 2020. <u>Id.</u> at 7.

The court will deny both motions as moot, because they weren't necessary. The court told the plaintiff in its March 11, 2020 order that he must file his second amended complaint by April 10, 2020. Dkt. No. 17. He did that—the court received the plaintiff's proposed amended complaint (dkt. no. 19-1) on April 10, 2020. So the plaintiff did not need more time to file the second amended complaint (although because he dated it only two days before the deadline, he may have thought it would take longer to reach the court than

3

it did). Nor did he need the court's permission to file a complaint that the court ordered him to file. The amended complaint at Dkt. No. 19-1 was timely filed and the court will screen it.

The proposed amended complaint the court received on April 10, 2020 is identical to the September 2019 amended complaint which the court concluded did not state a claim for relief. It didn't state a claim in September 2019 and it does not state a claim now. For the reasons the court stated in its March 11, 2020 order, the court will dismiss the case for failure to state a claim and will assess a strike against the plaintiff.

The court **DENIES AS MOOT** the plaintiff's motion for an extension of time. Dkt. No. 18.

The court **DENIES AS MOOT** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 19.

The court **DIRECTS** the Clerk of Court to docket the document at Dkt. No. 19-1 as the second amended complaint.

The court **ORDERS** that the second amended complaint, and this case, are **DISMISSED** for failure to state a claim for which a federal court may grant relief.

The court **ORDERS** the Clerk of Court to document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment.

4

See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of January, 2021

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

5